IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA
2026 OCT 20 PM 3:59
OFFICE OF THE CLERK

UNITED STATES OF AMERICA,

Plaintiff,

vs.

ADENIYI DAVID ABIOLA, a/k/a "David Abiola," a/k/a "Ayodele Ademeso," and

OLUWAYTOYIN BLESSING AKINMEJI, a/k/a "Toyin Abiola,"

Defendants.

4:26CR 3086

INDICTMENT
18 U.S.C. § 1349
18 U.S.C. § 1343

The Grand Jury charges that

COUNT I – Wire Fraud Conspiracy

1. Beginning at least in or about March 8, 2021, and continuing to at least on or about November 29, 2021, in the District of Nebraska and elsewhere, defendants ADENIYI DAVID ABIOLA, OLUWATOYIN BLESSING AKINMEJI, and others known and unknown to the Grand Jury, did knowingly and willfully conspire and agree together to devise a scheme to defraud Amur Equipment Finance and the United States Small Business Administration ("SBA") and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, said scheme utilizing means of interstate wire communications in violation of Title 18, United States Code, Sections 1343 and 1349.

BACKGROUND ON THE SBA AND PAYCHECK PROTECTION PROGRAM

2. The United States Small Business Administration ("SBA") was an executive-branch agency of the United States government that provided support to entrepreneurs and small businesses. The mission of the SBA was to maintain and strengthen the nation's economy by

enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters.

3. As part of this effort, the SBA enabled and provided for loans through banks, credit unions, and other lenders that had government-backed guarantees. The SBA also provided direct loans.

4. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act is a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of up to $349 billion in forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP"). In or around April 2020, Congress authorized over $300 billion in additional PPP funding.

5. In order to obtain a PPP loan, a qualifying business was required to submit a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan. In the PPP loan application, the small business (through its authorized representative) was required to state, among other things, its: (a) average monthly payroll expenses; and (b) number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, businesses applying for a PPP loan was required to provide documentation showing their payroll expenses and evidence of business activity.

6. A PPP loan application had to be processed by a participating lender. If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies, which were 100% guaranteed by the Small Business Administration ("SBA"). Data from the

application, including information about the borrower, the total amount of the loan, and the listed number of employees, would be transmitted by the lender to the SBA in the course of processing the PPP loan application.

7. PPP loan proceeds were required to be used by the business on certain permissible expenses-payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these expense items within a designated period of time after receiving the proceeds and used at least 60% of the PPP loan proceeds on payroll expenses.

8. Amur Equipment Finance ("Amur") is a lender based in Grand Island, Nebraska. Amur was authorized by the SBA to participate as a PPP lender to small businesses.

## THE SCHEME TO DEFRAUD

9. From at least March 8, 2021, and continuing to at least on or about November 29, 2021, the conspirators including ADENIYI DAVID ABIOLA and OLUWATOYIN BLESSING AKINMEJI, devised a scheme to defraud by submitting and causing to be submitted numerous false and fraudulent PPP loan applications to Amur in order to obtain funds through the PPP and thereafter submitting and causing to be submitted in interstate commerce fraudulent PPP loan forgiveness applications for the PPP loans conspirators had successfully obtained.

## MANNER AND MEANS OF THE CONSPIRACY

10. It was part of the scheme that the conspirators, including Defendants ADENIYI DAVID ABIOLA and OLUWATOYIN BLESSING AKINMEJI, would submit and cause to be submitted applications for PPP loans from various SBA-approved lenders, including Amur. Specifically, conspirators submitted and caused to be submitted at least eight PPP applications to Amur for different small businesses including: Hesken Group Inc., Global assets Group Inc., A&E

Network Management Inc., Slot Computers Inc., Abiola Cars LLC, AGL Cars LTD, ABI Global Networking & Assets LTD, and Alliance Associates Inc.

11. It was then part of the scheme that as part of the required loan process, conspirators would submit information through Amur's online portal for each loan application. The information included false statements regarding the purported small business applicant's ownership, number of employees, and payroll – which would then automatically generate the PPP loan amount each business would have been eligible to receive had said information been true.

12. It was part of the scheme that the conspirators would submit documents to Amur through the online portal to substantiate business activity as part of the applications. The documents submitted included bank account statements purportedly for the small business applicant and IRS tax forms 941, 940, and 1120 purportedly filed by the small business applicant. It was part of the scheme that these bank account statements were fabricated and falsified in that the bank accounts often belonged to other businesses and for which ABIOLA or AKINMEJI were the account signatories and that several of the bank accounts were not opened as of the date indicated on the statement provided to Amur. The IRS forms 941, 940, and 1120 purportedly filed for each of the eight small business applicants which were submitted to Amur were fraudulent in that the IRS had no record of any of the forms being filed.

13. As part of the scheme, after the applications were reviewed by Amur, a Form 2438 PPP Borrower Application Form, was caused to be submitted to the SBA for further review and potential approval of the fraudulent PPP applications by the U.S. SBA.

14. As part of the scheme, Amur and the SBA approved the fraudulent PPP loans applications for Global Assets Group Inc., A&E Network Management Inc., Slot Computers Inc., and AGL Cars LTD. Once approved both by Amur and the SBA, loan documents were sent to conspirators online via DocuSign to be formally signed outlining the terms and permitted uses of

the loan monies. Following conspirators signing these documents, the PPP loan funds were then caused to be transferred via Automated Clearing House from Amur's Bank into bank accounts associated with conspirators.

15. It was then part of the scheme that conspirators would use a large portion of the PPP loan funds to purchase luxury vehicles and pay for transport and shipping of those vehicles to Nigeria.

16. It was part of the scheme that in November of 2021, conspirators submitted and caused to be submitted applications for PPP loan forgiveness for the fraudulent PPP loans obtained from Amur for Global Assets Group Inc., Slot Computers Inc., and A&E Network Management Inc. These applications were submitted through Amur's online portal. As part of the loan forgiveness application process, conspirators falsely attested that 60% or more of the PPP loan had been spent on payroll for the small business as required for the loan forgiveness. As part of the loan forgiveness application conspirators submitted and caused to be submitted additional false and fabricated documents including bank statements.

All in violation of Title 18, United States Code, Section 1349.

<u>COUNTS II & III – WIRE FRAUD</u>

17. Paragraphs 1 through 16 of this Indictment are re-alleged and incorporated herein, and it is further alleged such conduct constitutes a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

18. On or about the dates set below, in the District of Nebraska, Defendants, ADENIYI DAVID ABIOLA and OLUWATOYIN BLESSING AKINMEJI, having devised and intending to devise a scheme and artifice to defraud, and to obtain property by means of materially false and fraudulent pretenses, representations, promises, and omissions described above, did knowingly

transmit and cause to be transmitted by means of wire communication in interstate commerce the information described below, each transmission constituting a separate count:

| COUNT | DATE | WIRE COMMUNICATIONS |
|---|---|---|
| II | On or about November 10, 2021 | Defendant, ADENIYI DAVID ABIOLA, sent, or caused to be sent, in interstate commerce a signed SBA PPP Loan Forgiveness Application - Form 3508EZ on behalf of A&E Network Management Inc. using DocuSign to Amur in Nebraska. |
| III | On or about November 3, 2021 | Defendant, OLUWATOYIN BLESSING AKINMEJI, sent, or caused to be sent, in interstate commerce a signed SBA PPP Loan Forgiveness Application - Form 3508EZ on behalf of Slot Computers Inc. using DocuSign to Amur in Nebraska. |

In violation of Title 18, United States Code, Section 1343.

A TRUE BILL.

FOREPERSON

The United States of America requests that trial of this case be held in Lincoln, Nebraska, pursuant to the rules of this Court.

UNITED STATES OF AMERICA,
Plaintiff

LESLEY A. WOODS
United States Attorney
District of Nebraska

TESSIE L. SMITH
Assistant United States Attorney